United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lori Whisman and Joanne Allen, *individually and on behalf of themselves and other similarly situated*, Plaintiffs,<br><br>v.<br><br>Designer Brands Inc., Defendant. | Civil Action No. 21-21167-Civ-Scola |

### Order Requiring Amended Notice of Removal

This matter is before the Court upon an independent review of the record. Federal courts are obligated to conduct a preliminary examination of the record to determine whether jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). In reviewing the record, the Court is uncertain whether it has subject-matter jurisdiction over this action. A party seeking to invoke a federal court's jurisdiction pursuant to Class Action Fairness Act ("CAFA") must allege facts that show that federal-subject matter jurisdiction exists. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

Here, the Defendant states that the Court has jurisdiction over this Fair and Accurate Credit Transaction Act ("FACTA") putative class action because the matter involves a class of greater than 100 persons, with minimal diversity, and the amount at issue between the parties exceeds $5 million, exclusive of interest and costs. (*See* ECF No. 1, at 2); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84-85 (2014); *see also* 28 U.S.C. § 1332(d)(2). In support of its removal of this matter, the Defendant states that they believe the putative class exceeds 5,000 members, that CAFA's minimal diversity requirements have been met, and "[b]ecause FACTA provides for up to $1,000 in statutory damages per consumer, in addition to punitive damages, attorneys fees, and costs, and because Defendant believes the putative class would exceed 5,000 persons, the amount in controversy exceeds $5,000,000." (ECF No. 1, at 2-3.)

The Court finds the Defendant's allegations in support of removal to be unsupported and conclusory. *Kayode v. ABB, Inc.*, No. 18-62416-Civ, 2018 WL 4941777, at *1 (S.D. Fla. Oct. 12, 2018) (Scola, J.). The Defendant states the size of the potential class at issue in this lawsuit is greater than 5,000 members but provides no support for that supposition. Conveniently, a class of 5,000 members who can potentially recover $1,000 in statutory damages each satisfies CAFA's jurisdictional threshold of $5 million. While it may be true that a class of

this size exists, "CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also White v. Impac Funding Corp.*, 6:10-cv-1780-Orl-28DAB, 2011 WL 836947, at *5 (M.D. Fla. Feb. 15, 2011) ("absence of any reliable evidence or allegations regarding the number of similarly situated class members means that there is no competent showing" of the class's size), *report and recommendation adopted*, 2011 WL 861172 (M.D. Fla. March 9, 2011). Given the lack of support provided by the Defendant, the Court cannot determine if it has jurisdiction over this matter.

The notice of removal also assumes that each member of the purported class will collect the maximum amount of statutory damages, but provides no support for why that is the case. Indeed, the Defendant acknowledges that the FATCA provides "for actual damages or statutory damages of 'not less than $100 and not more than $1,000' per consumer" for willful violations, but does not provide any support for its position that every member of the class will collect the maximum amount provided for by statute. (ECF No. 1, at 3); *see also* 15 U.S.C. § 1681n(a)(1)(B). The Court may not speculate in an attempt to make up for a notice of removal's shortcomings. *Pretka*, 608 F.3d at 752.

Because of these insufficient allegations, the Court is unable to ascertain whether its jurisdictional threshold has been met. Accordingly, the Defendant must file an amended notice of removal which adequately alleges federal-subject-matter jurisdiction, by **May 12, 2021**. If the Defendant fails to file an amended notice of removal by that date or the amended notice fails to provide the facts necessary to establish jurisdiction, the Court will remand this matter back to the Eleventh Judicial Circuit in and for Miami-Dade County.

**Done and ordered**, at Miami, Florida, on May 5, 2021.

_____
Robert N. Scola, Jr.
United States District Judge