United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lori Whisman and Joanne Allen, *individually and on behalf of themselves and other similarly situated*, Plaintiffs, <br><br> v. <br><br> Designer Brands Inc., Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 21-21708-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

### Order On Motion to Remand

This matter is before the Court upon the Plaintiffs' motion to remand to state court on the grounds that the Plaintiffs lack standing and therefore cannot proceed in federal court.

On May 4, 2021, the Defendant removed this Fair and Accurate Credit Transaction Act ("FACTA") matter from state court, alleging this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and under the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d) as there is a putative class of 100 or more members, with minimal diversity, and the matter in controversy exceeds the aggregate sum of $5,000,000.00. (ECF No. 1, at 2.) Upon review of the record, the Court found the Defendant's notice of removal to be deficient and ordered the Defendant to file an amended notice of removal. On May 12, 2021, the Defendant filed its amended notice of removal, addressing the deficiencies identified by the Court. Thereafter, on May 19, 2021, the Plaintiffs filed the instant motion to remand, arguing this matter must be remanded to state court as the Plaintiffs lack Article III standing under the Eleventh Circuit's decision in *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917 (11th Cir. 2020). The Plaintiffs state that the Defendant is "well aware of *Muransky* and the fact it deprives the Court of subject matter jurisdiction here" as the Defendant agreed to voluntarily dismiss an earlier filed action, recognizing *Muransky* deprived the Court of subject matter jurisdiction on nearly identical allegations. (ECF No. 14, at 2 (*see* ECF No. 26, Stip. of Dismissal for Lack of Subject Matter Jurisdiction, *Whisman et al. v. Designer Brands, Inc.*, No. 19-23963-Civ (S.D. Fla.) (Scola, J.)).)

As the basis of its complaint, the Plaintiffs state that the Defendant systematically violated FACTA by "printing more than the last five digits of debit and credit card numbers on customer transaction receipts provided to the cardholder at the point of sale." (ECF No. 14, at 1.) Accordingly, the Plaintiffs state that they were placed at a greater risk of identity theft, the prevention of

which is, as the Eleventh Circuit has recognized, one of the many stated goals of FACTA. (*Id.*); *see also Muransky*, 979 F.3d at 921.

By way of background, in *Muransky*, as here, the plaintiff alleged that "Godiva chocolate stores had printed too many credit card digits on hundreds of thousands of receipts . . . and pointed out that those extra numbers were prohibited under a federal law aimed at preventing identity theft." *Muransky*, 979 F.3d at 920. In its opinion, the Eleventh Circuit affirmed that bare procedural violations, divorced from concrete harm, are insufficient to support standing because they failed to show a particularized injury. *Id.* at 924. With this principle in mind, the Eleventh Circuit found that "[b]ecause Mursanky has failed to allege either a harm or a material risk of harm stemming from the FACTA violation, he lacks standing to bring this lawsuit." *Id.* at 935.

This procedural history notwithstanding, the Defendants argue removal of this matter was proper because the Plaintiffs themselves acknowledge that "the recent Supreme Court decision in *Uzuegbunam* that was entered after the Eleventh Circuit's ruling in *Muransky*" noted that "a violation of one's rights alone is enough for standing under federal law." (ECF No. 17, at 5 (discussing *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021)).) However, this misrepresents the Supreme Court's holding in *Uzuegbunam*. In *Uzuguebunam*, the Supreme Court held that nominal damages, which are available "for a violation of any legal right" satisfies "the redressability element of standing" but do not guarantee entry to federal courts, as plaintiffs still must adequately allege the other elements of standing, such as that they suffered a particularized injury. *Uzuegbunam*, 141 S. Ct. at 799, 801-02. Therefore, the Supreme Court's decision does not obviate the Eleventh Circuit's holding in *Muransky* that a statutory violation under FACTA is insufficient to show that a plaintiff has suffered an injury for standing purposes.

The Defendant argues that regardless of standing issues, because the Defendant has satisfied CAFA's removal requirements, the Court should not remand this matter. However, the doctrine of standing "ensure[s] that federal courts do not exceed their authority as it has been traditionally understood," that is, that federal courts limited to adjudicating actual case and controversies. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547. To have standing, plaintiffs must show they have suffered "(1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547. While the Court acknowledges that Congress enacted CAFA to facilitate adjudication of certain class actions in federal court, *Dart Cherokee Basin Operating Co., LLC v. Bowens*, 574 U.S. 81, 82 (2014), the fact remains that Congress "cannot erase Article III's standing requirements by statutorily granting the right to sue to a

plaintiff who would not otherwise have standing." *Spokeo*, 136 S. Ct. at 1547-48. Under *Muransky*, the Plaintiffs have not suffered an injury and therefore cannot proceed in this Court.

The Defendant creatively tries to skirt *Spokeo* and the Eleventh Circuit's holding in *Muransky* by stating that allegations in the Plaintiffs' complaint distinguish this matter from *Muransky* and the prior action the Defendant agreed to dismiss, because the complaint alleges harms beyond a mere statutory violation. For instance, the Defendant notes that the Plaintiffs complain of breach of privacy and an increased risk of identity theft, among other things, but these issues merely emanate from the statutory harm complained of and are fairly considered as among the "(many) stated goals of" FACTA. *Muransky*, 979 F.3d at 921. Moreover, the Defendant ignores that in their single count complaint, the Plaintiffs seek relief only under FACTA, alleging no actual harm.

Finally, the Defendant argues this Court should not grant the motion to remand because "the Supreme Court is expected to issue a ruling regarding federal standing in the very near future – in a case arising under the Fair Credit Reporting Act." (ECF No. 17, at 10.) The Defendant reports the question under consideration is "[w]hether either Article III or Rule 23 permits a damages class action where the vast majority of the class suffered no actual injury . . . ." (*Id.*) While the answer to this question could be helpful to the Defendant, it could also be equally helpful to the Plaintiffs. In any event, the Defendant's argument ignores the fact that Courts in the Eleventh Circuit have consistently noted "where controlling circuit precedent exists on an issue before a district court, a grant of certiorari on the same issue by the United States Supreme Court" should not impact those proceedings because "certiorari grants do not change the law." *See Fed. Trade Comm'n v. On Point Global LLC*, No. 19-25046-Civ, 2020 WL 5819809, at *4 (S.D. Fla. Sept. 30, 2020) (Scola, J.) (discussing *Levesque v. Gov't Emps. Ins. Co.*, No. 15-14005-Civ, 2015 WL 6155897, at *6 (S.D. Fla. Oct. 20, 2015) (Marra, J.)). This Court is bound to uphold and apply current Eleventh Circuit precedent, and therefore this case is due to be remanded regardless of proceedings ongoing in the Supreme Court.

As the Defendant has failed to show the Plaintiffs have standing to proceed in federal court, the Court finds remand of this matter to be proper. The Court **grants** the Plaintiffs' motion to remand (**ECF No. 14**.) The Court instructs the Clerk to administratively **close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County. The Court, however, **denies** the Plaintiffs' request for attorneys' fees and costs incurred in contesting removal (**ECF No. 14**) as the Court does not find the Defendant's removal was objectively unreasonable.

**Done and ordered**, at Miami, Florida, on June 9, 2021.

_____
Robert N. Scola, Jr.
United States District Judge